UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lamalsikou Lowe,<br><br>    Plaintiff<br><br>v.<br><br>Metro Police Department, et al.,<br><br>    Defendants | Case No.: 2:18-cv-02134-JAD-DJA<br><br>**Order Adopting Report<br>and Recommendation and<br>Dismissing Case**<br><br>ECF No. 30 |

    Pro se prisoner Lamalsikou Lowe brought this civil-rights action under 42 U.S.C. § 1983 to redress events he alleges occurred at the Clark County Detention Center.  Screening left him with Fourteenth Amendment due-process and excessive-force claims against a single Las Vegas Metropolitan Police Department sergeant and yet unidentified Doe defendants, none of whom has been served.  On February 16, 2021, the magistrate judge entered a report and recommendation that this action be dismissed without prejudice based on Lowe's failure to serve any defendant within the service-completion deadline of Fed. R. Civ. P. 4(m).[1]  Objections to that recommendation were due by March 2, 2021, and Lowe neither filed objections nor moved to extend the deadline to do so.

    FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] ECF No. 30.

specified time."[2]  Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[3]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  A court's warning to a party that his failure to

---

[2] Fed. R. Civ. Proc. 4(m).

[3] Fed. R. Civ. Proc. 4(c).

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[8] and that warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Because plaintiff has not demonstrated that process has been served on any defendant within the time prescribed by FRCP 4(m), and no objections were filed to the report and recommendation for dismissal, **IT IS THEREFORE ORDERED that the report and recommendation for dismissal [ECF No. 30] is ADOPTED, this case is DISMISSED without prejudice** under FRCP 4(m), and **the Clerk of Court is directed to ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 11, 2021

---

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.
[9] ECF Nos. 24 (4(m) dismissal notice), 30 (R&R).